# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. MILLER,<br><br>                             Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                            Defendant. | Case No. 14-cv-1479-BAS(MDD)<br><br>**ORDER:**<br><br>**(1) OVERRULING PARTIES' OBJECTIONS;**<br><br>**(2) APPROVING AND ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY;**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**<br><br>**(4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND**<br><br>**(5) REMANDING FOR FURTHER PROCEEDINGS**<br><br>**[ECF Nos. 18, 19, 24, 25, 27]** |

On June 18, 2014, Plaintiff Steven W. Miller commenced this action seeking judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant Commissioner of Social Security. This matter was referred to United States Magistrate Judge Mitchell D. Dembin, who issued a Report and Recommendation ("R&R" or "report") on September 8, 2015, recommending that this Court: (1)

remand this case for further review of Plaintiff's claims of regular blackouts (syncope); (2) deny Plaintiff's summary-judgment motion as to all other claims presented; and (3) grant Defendant's summary-judgment motion as to all other claims presented. (R&R 23:12-20.) Both parties are represented by counsel, and both parties filed objections to the R&R. (ECF Nos. 25, 27.)

I.  **LEGAL STANDARD**

The court reviews *de novo* those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). It may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This rule of law is well-established within the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

In the social-security context, the district court's jurisdiction is limited to determining whether the Social Security Administration's denial of benefits is supported by substantial evidence in the administrative record. *See* 42 U.S.C. §

405(g). A district court may overturn a decision to deny benefits only if it is not supported by substantial evidence or if the decision is based on legal error. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallenes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039. Determinations of credibility, resolution of conflicts in medical testimony, and all other ambiguities are to be resolved by the administrative law judge ("ALJ"). *See id.*; *Magallenes*, 881 F.2d at 750. The decision of the ALJ will be upheld if the evidence is "susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1040.

## II.   ANALYSIS[1]

The R&R addresses three issues: (1) Plaintiff's syncopal episodes; (2) the ALJ's decision to not include Plaintiff's major depressive disorder in determining Plaintiff's residual functional capacity ("RFC"); and (3) whether Plaintiff's RFC should have been limited to "simple 1-2 step job instructions." With respect to the claims of repeated syncopal episodes, Judge Dembin recommends that the case be remanded for further review. For the remaining issues, Judge Dembin recommends that this Court deny Plaintiff's summary-judgment motion and grant Defendant's.

### A.   Plaintiff's Syncopal Episodes

Judge Dembin identifies several instances peppered throughout the administrative record where syncopal episodes afflicted Plaintiff. (R&R 15:3-16:24.) Based on those repeated references, Judge Dembin determines that the ALJ erred in overlooking these instances of syncopal episodes.

---

[1] The Court adopts and incorporates by reference all portions of the R&R that the parties do not object to. That includes the factual background presented in the report.

1    Defendant argues that the ALJ did not err and that Judge Dembin's reliance on
2    the identified portion of the record is misplaced because those portions of the record
3    are sourced to Plaintiff without any corroboration by objective evidence. (Def.'s
4    Objection 2:28-5:24.)  And insofar as Plaintiff suggests a relationship between the
5    alleged syncope and his cardiac condition, it is Defendant's position that the issue is
6    moot because even if the syncope is indeed related to his cardiac condition, any
7    syncope is the product of Plaintiff's non-compliance in following the prescribed
8    treatment. (*Id.* (citing AR 259-60, 262).)

9    It is important to emphasize that Judge Dembin identifies the syncopal
10   episodes as being "overlooked."  Despite the evidence in the administrative record
11   Defendant cites, it does not change the fact that the ALJ failed to explicitly consider
12   the effect of Plaintiff's purported syncopal episodes in determining his disability
13   status.  It is particularly noteworthy that the ALJ's January 2013 decision completely
14   fails to mention any syncope or black outs. (*See* AR 15-24.)  Furthermore, as pointed
15   out by Judge Dembin, when given the opportunity to do so, the ALJ failed to develop
16   the record on these syncopes.

17   Moreover, Plaintiff identifies evidence in his objections that links his alleged
18   repeated syncope to his paroxysmal atrial fibrillation. (AR 425.)  Particularly, when
19   contrasted with Defendant's mootness explanation, there is a glaring need to further
20   develop the record with respect to the impact of the syncope in the disability
21   determination.  Since there are opposing but reasonable inferences that can be drawn
22   from the record, it is the most prudent course of action to remand this issue to the
23   ALJ for further proceedings.  Any conclusions drawn from either parties'
24   interpretations of the record regarding Plaintiff's syncope and how it was considered
25   by the ALJ would be speculation at best.  Such determinations are best left to the
26   ALJ. *See Andrews*, 53 F.3d at 1039.

27   Accordingly, the Court finds there is "some objective evidence" that Plaintiff's
28   syncope may materially impact the disability determination, and as a result, the Court

**OVERRULES** Defendant's objections to Judge Dembin's remand recommendation. *See Breen v. Callahan*, No. C 97-1389 CRB, 1998 WL 272998, at *3 (N.D. Cal. May 22, 1998) (citing *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Wainwright v. Sec'y of Health & Human Servs.*, 939 F.2d 680, 682 (9th Cir. 1991)).

### B.     Plaintiff's Depressive Disorder and RFC Limitations

Regarding his depressive disorder and RFC limitations, Plaintiff objects that: (1) Judge Dembin purportedly failed to determine whether he accepted Defendant's "characterization" of Romualdo R. Rodriguez, M.D.'s psychiatric evaluation and other evidence related to Plaintiff's mental impairments as "showing only that Plaintiff was 'able' to perform such [one- or two-step] work, rather than 'limited' to such work"; (2) the ALJ purportedly erred in equating, "with no basis whatsoever," Dr. Rodriguez's one- or two-step job-instructions assessment with the ability to perform "simple (i.e., 'unskilled') work"; and (3) the ALJ purportedly failed to perform a "detailed . . . function by function" assessment. (Pl.'s Objections 5:1-7:22.)  Each of these challenges lack merit.

Beginning with the first objection, Judge Dembin explicitly states that "the ALJ *did not limit* Plaintiff to the performance of jobs with one or two step instructions only." (R&R 22:22-24 (emphasis added).)  This Court agrees with Judge Dembin's assessment.  Thus, the Court rejects Plaintiff's interpretation of the "able" / "limited" distinction in the R&R.

With respect to the second point, the Court rejects Plaintiff's contention that the ALJ committed any error in the manner Plaintiff describes.  The relevant excerpt from the ALJ's decision states the following: "Dr. Rodriguez was of the opinion the claimant had the capacity to perform simple work; deal with supervisors, co-workers, and the public; withstand the pressures of the workplace; and handle funds.  Hence, his assessment allows for the sustained performance of unskilled work." (AR 22.)  That language is based on Dr. Rodriguez's psychiatric evaluation, which includes the

1  following prognosis: "From a psychiatric point of view, as long as this claimant is
2  properly treated for depression and abstains from drugs and alcohol, he could easily
3  recover from his symptoms within twelve months." (AR 280.) The evaluation also
4  contains a functional assessment that starts with determining that Plaintiff is "[a]ble
5  to understand, remember, and carry out simple one or two-step job instructions" and
6  "[u]nable to do detailed and complex instructions." (*Id.* (emphasis in original).) The
7  remaining functional assessments describe various activities that Plaintiff is
8  "[s]lightly limited in his ability to" complete." (AR 280-81.) The ALJ did not
9  improperly "equate" the "one- or two-step job instructions" determination with the
10 ability to perform unskilled work. Rather, he relied on Dr. Rodriguez's evaluation to
11 conclude the assessment "allows for the sustained performance of unskilled work."
12 (*See* AR 22.) That conclusion is supported by substantial evidence in the
13 administrative record. *See* 42 U.S.C. § 405(g).

14  Finally, regarding the ALJ's "function-by-function assessment," the Court
15 recognizes that the ALJ's assessment regarding Plaintiff's mental impairments may
16 not be overly detailed, but it is adequate. Returning to the excerpt from the ALJ's
17 decision quoted above, the ALJ recounted Plaintiff's capacity to perform certain
18 activities in a work setting, then concluded, based on that recounting, that Plaintiff's
19 "assessment allows for the sustained performance of unskilled work." (AR 22.)
20 Those "functions" include Plaintiff's "capacity to perform simple work; deal with
21 supervisors, co-workers, and the public; withstand the pressures of the workplace;
22 and handle funds." (*Id.*) Though the form in which the ALJ addressed Plaintiff's
23 functional capacity does not track point-by-point the form in which Dr. Rodriguez
24 discussed Plaintiff's functional capacity in the psychiatric evaluation, it does
25 adequately address each function discussed in the evaluation. Therefore, the Court
26 rejects Plaintiff's third objection as well.

27 //
28 //

### III. CONCLUSION & ORDER

Having conducted a *de novo* review of the R&R, the parties' cross-motions for summary judgment, and relevant portions of the administrative record, the Court concludes that Judge Dembin's reasoning is sound. Therefore, the Court **OVERRULES** the parties' objections, and hereby approves and **ADOPTS IN ITS ENTIRETY** the R&R. *See* 28 U.S.C. § 636(b)(1). Accordingly, the Court **REMANDS** this case for further review to address Plaintiff's claims of syncopal episodes, and **DENIES** Plaintiff's summary-judgment motion and **GRANTS** Defendant's summary-judgment motion as to the other claims presented.

IT IS SO ORDERED.

DATED: March 10, 2016

Hon. Cynthia Bashant
United States District Judge