1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

11

**SOUTHERN DISTRICT OF CALIFORNIA**

12
13

STEVEN W. MILLER,

Plaintiff,

14

15

v.

16

COMMISSIONER OF SOCIAL SECURITY,

17

18

Defendant.

Case No. 14-cv-1479-BAS(MDD)

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

**[ECF No. 29]**

19
20

On June 18, 2014, Plaintiff Steven W. Miller commenced this action seeking

21

judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant

22

Commissioner of Social Security. This matter was referred to United States

23

Magistrate Judge Mitchell D. Dembin, who issued a Report and Recommendation

24

("R&R" or "report") on September 8, 2015, recommending that this Court: (1)

25

remand this case for further review of Plaintiff's claims of regular blackouts

26

(syncope); (2) deny Plaintiff's summary-judgment motion as to all other claims

27

presented; and (3) grant Defendant's summary-judgment motion as to all other claims

28

presented. (R&R 23:12-20.) Overruling the parties' objections, the Court adopted the

R&R in its entirety, ultimately remanding this case for further proceedings to review Plaintiff's claims of syncopal episodes that was previously "overlooked" by the Administrative Law Judge ("ALJ").

Plaintiff now moves for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), to be reimbursed by Defendant in the amount of $10,423,13. Defendant opposes. For the following reasons, the Court **GRANTS IN PART** Plaintiff's motion.

## I.      ANALYSIS

### A.      Prevailing Party and Substantial Justification

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Thus, to be eligible for attorney fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust. *Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990).

"It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). If the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

//

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . which terminates the litigation with victory for the plaintiff.").[1] "This is so even when the case has been remanded for further administrative action." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Schaefer*, 509 U.S. at 297-98). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

The Supreme Court has held that a position may be substantially justified "if it has a reasonable basis in fact and law." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). When determining whether the government's position was substantially justified, the court considers "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The government's position must be "*as a whole*, substantially justified." *Gutierrez*, 274 F.3d at 1258-59. It also "must be 'substantially justified' at 'each stage of the proceedings.'" *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998). "[D]istrict courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010) (citing *Flores*, 49 F.3d at 566).

In *Flores*, the Ninth Circuit addressed whether a claimant is entitled to attorney's fees for proceedings before the district court that resulted in a remand to

---

[1] This Court notes that the order remanding this case for further proceedings was made pursuant to sentence four of 42 U.S.C. § 405(g). *See Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995) (finding that a remand resulting from failure to consider all the evidence presented is a sentence-four remand).

the ALJ for the purposes of considering evidence that initially was not considered. 49 F.3d at 566. In reaching its conclusion, the court determined that it "may resolve the question of [a claimant's] entitlement to attorney's fees by considering only the procedural issues on which the district court reversed—specifically, the [government's] failure to take into account [certain evidence] discussing the claimant's [condition]." *Id.* Recognizing that the ALJ failed to consider certain evidence as an error, the court found that the government's decision to defend such an error was not substantially justified, ultimately concluding the claimant was "entitled to attorney's fees for the district court proceeding that resulted in the remand of his claim to the administrative agency." *Id.* at 570-71.

Similar to *Flores*, the particular issue on which Plaintiff earned remand is the ALJ "overlooking" evidence of Plaintiff's syncopal episodes contained in the record. As the Court previously stated, several instances were identified throughout the administrative record suggesting syncopal episodes afflicted Plaintiff. With respect to this oversight, the Court previously stated:

> It is important to emphasize that Judge Dembin identifies the syncopal episodes as being "overlooked." Despite the evidence in the administrative record Defendant cites, it does not change the fact that the ALJ failed to explicitly consider the effect of Plaintiff's purported syncopal episodes in determining his disability status. It is particularly noteworthy that the ALJ's January 2013 decision completely fails to mention any syncope or black outs. Furthermore, as pointed out by Judge Dembin, when given the opportunity to do so, the ALJ failed to develop the record on these syncopes.

(March 10, 2016 Order 4:9-16 (citation omitted).) In short, the issue that led the Court to remand this case for further proceedings is the ALJ's oversight and failure to consider Plaintiff's evidence of syncopal episodes in determining disability status, which ultimately is the ALJ's failure to fully develop the record. *See Flores*, 49 F.3d at 570-71; *see also Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) ("[The

– 4 –

14cv1479

1    Secretary] must explain why 'significant probative evidence has been rejected.'").

2         Though Defendant may have been substantially justified in defending this case

3    in certain aspects of its litigation position, the underlying agency action giving rise

4    to this case must also have been substantially justified. *See Meier*, 727 F.3d at 870.

5    And though Plaintiff may not have raised or addressed these syncopal episodes in the

6    district court proceedings, Plaintiff does not bear the responsibility of developing the

7    administrative record; that is the underlying administrative agency's responsibility.

8    *See Pierce*, 487 U.S. at 566 n.2. In this instance, Defendant fails to carry its burden

9    in demonstrating that the ALJ's oversight had a reasonable basis in fact and law. *See*

10   *id.* Therefore, the Court concludes that Plaintiff is the prevailing party, and Defendant

11   fails to carry its burden that the ALJ overlooking evidence of syncopal episodes—

12   which is the "position on the particular issue on which the claimant earned

13   remand"—was substantially justified. *See Pierce*, 487 U.S. at 566 n.2; *Meier*, 727

14   F.3d at 870; *Gutierrez*, 274 F.3d at 1258. Consequently, Plaintiff is entitled to

15   reasonable attorney's fees under the EAJA. *See id.*

16

17        **B.      Reasonableness of Fee Request**

18        The United States Supreme Court has held that "the fee applicant bears the

19   burden of establishing entitlement to an award and documenting the appropriate

20   hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Furthermore, the

21   Supreme Court has also stated that "the most useful starting point for determining the

22   amount of a reasonable fee is the number of hours reasonably expended on the

23   litigation multiplied by a reasonable hourly rate." *Id.* at 433.

24        Defendant argues, in the event the Court finds Defendant is not substantially

25   justified in defending this case,[2] Plaintiff's fee request is unreasonable. (Def.'s Opp'n

26

27   _____

28   [2] As a point of clarification, the Court does not conclude that Defendant is not substantially justified in defending this case. Rather, it concludes that Defendant merely failed to carry its burden of showing that its position was substantially justified.

4:25-5:27.) Specifically, Defendant requests that the Court reduce the time justifying the attorney's fees from 54.5 hours to 27 hours. (*Id.*) In his reply, Plaintiff states that "in order to facilitate a decision without further controversy or delay, Plaintiff will concede that the 27 hours suggested by Defendant at the current EAJA (adjusted for COLA) rate of $191.25 . . . is reasonable." (Pl.'s Reply 4:1-12 (citation omitted).) He accordingly amends his fee request under the EAJA from $10,423.13 to $5,163.75.

Upon reviewing the records submitted, and the parties' positions on the reasonableness of the fee request based on 27 hours of billable time, the Court finds the amended fee request of $5,163.75 is reasonable. *See Hensley*, 461 U.S. at 437.

## II.   CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** Plaintiff's motion for attorney's fees under the EAJA, and awards him attorney's fees in the amount of $5,163.75. (ECF No. 29.)

**IT IS SO ORDERED.**

**DATED:  February 2, 2017**

Hon. Cynthia Bashant
United States District Judge